983 So.2d 699 (2008)
Allia M. MOJZISIK, Appellant,
v.
Donald A. ESTRADA, Appellee.
No. 5D07-3075.
District Court of Appeal of Florida, Fifth District.
June 6, 2008.
Debra S. Johnson of Debra S. Johnson, P.A., Orlando, for Appellant.
*700 Scott Alan Salomon, Coral Springs, for Appellee.

ON RULE TO SHOW CAUSE
PALMER, C.J.
In this paternity action, which is presently pending on appeal, our court issued a Rule to Show Cause to Scott Alan Salomon, attorney for appellee Donald Estrada, ordering Salomon to show cause why he should not be sanctioned for his failure to appear at a court-ordered appellate mediation. This Rule to Show Cause was issued following a series of instances in which Salomon failed to comply with orders issued by this court related to appellate mediation. A summary of the relevant facts is as follows.
The instant appeal was filed in August, 2007. Initially, Salomon was ordered to complete an appellate mediation questionnaire on or before September 24, 2007. He failed to do so. As a result, on October 11, 2007, the court ordered Salomon to show cause within ten days why sanctions should not be imposed against him for his failure to file the mediation questionnaire. Salomon filed no response. As a result, on November 7, 2007, this court ordered that Salomon be personally sanctioned in the amount of $500.00, to be paid to the clerk of the court within fifteen days.
On November 21, 2007, Salomon filed a motion for relief from the order to show cause, alleging that the mediation questionnaire had been hidden, along with other pieces of mail, by a previous employee. However, he did not explain why he had not timely responded to the October 11, 2007 order to show cause.
On December 3, 2007, the court denied Salomon's motion for relief from the order to show cause. In spite of that denial, Salomon did not pay the $500.00 sanction. As a result, on January 9, 2008, the court issued an order requiring Salomon to personally appear before this court on January 23, 2008, to explain why he had not complied with the November 7, 2007 order. Salomon failed to appear at the January 23, 2008 hearing. Upon being subsequently contacted by the court, Salomon claimed that his failure to appear was the result of a mistake by a member of his office staff. He did not explain the basis of his failure to pay the sanction; however, he agreed to immediately make payment. A check was thereafter received by the court in the amount of $500.00.
By order dated January 18, 2008, Salomon was directed to pay opposing counsel, within thirty days, the sum of $1,790.00 as fees for unnecessary litigation related to the court-ordered mediation. On March 5, 2008, opposing counsel filed a motion to compel payment, alleging that Salomon had failed to pay the fees. By order dated March 11, 2008, this court granted the motion to compel payment of fees, and awarded an additional amount of $480.00 for the costs incurred due to Salomon's non-compliance with the January 18, 2008 order.
Appellate mediation was set for March 20, 2008. On the following day, the mediator filed a mediation report with the court indicating that the parties had appeared, as well as the attorney for the appellant, but the mediation did not proceed because Salomon was not present. Upon receipt of this report, this court issued an order directing Salomon to appear before the court on May 8, 2008, to show cause why he should not be sanctioned for failing to appear at the mediation.
On May 7, 2008, after this court made contact with Salomon's office to confirm that he would appear as required on May 8, Salomon faxed a motion for continuance to the court, claiming that he was "continuing to endure a family crisis, which was *701 private and counsel does not wish to elaborate for the public record, and would be unable to attend said hearing." The motion also alleged that Salomon could "appear by phone if same is allowed by this court." A conference call hearing was immediately held on the afternoon of May 7 relating to Salomon's motion for continuance. The court denied the motion, denied the request that Salomon be allowed to appear by phone, and directed Salomon to appear in person on the next day.
On the morning of May 8, 2008, this court received by fax a suggestion of bankruptcy indicating that Salomon had filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 30, 2008. The suggestion of bankruptcy also alleged that the court's sanctions hearing and any further activity regarding the imposition or collection of sanctions should be stayed pursuant to the automatic stay provisions of the bankruptcy code[1].
Salomon did not appear for the hearing scheduled for May 8. Opposing counsel traveled from Orlando to Daytona Beach for the hearing, and she filed an affidavit with regard to the additional costs incurred by her to attend the hearing.
We hold that Salomon has failed to show good cause to this court why he should not be sanctioned for his failure to appear at the March 20, 2008 court-ordered mediation. Although the imposition of monetary sanctions against Salomon is appropriate, the court will not impose monetary sanctions until such time as Salomon's bankruptcy proceeding is concluded or a relief from stay is entered. We further hold that opposing counsel is entitled to recover from Salomon all of her costs and expenses associated with attending the hearing on May 8. However, the court will withhold the imposition of monetary sanctions until such time as the bankruptcy proceeding is concluded, or a relief from stay is entered.
The clerk of this court is directed to provide a copy of this opinion to The Florida Bar to undertake appropriate action against Salomon with regard to the events set forth herein.
The court notes that the pendency of the mediation has unnecessarily prevented the parties to this appeal from moving forward with the merits of the appeal. Accordingly, the court hereby withdraws its mediation order in this case.
MEDIATION ORDER WITHDRAWN; APPEAL TO PROCEED.
PLEUS and MONACO, JJ. concur.
NOTES
[1] Salomon had not mentioned his bankruptcy filing in his motion for continuance, had not referenced the bankruptcy during the motion for continuance hearing, and, as noted, alleged in his motion for continuance that he could appear by phone.